UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THANH NAM LE,                                    *
                                                 *
        Petitioner,                              *
                                                 *
        v.                                       *
                                                 *        Civil Action No. 1:26-cv-12166-IT
ANTONE MONIZ, Superintendent, Plymouth           *
County Correctional Facility, et al.,            *
                                                 *
        Respondents.                             *
                                                 *

MEMORANDUM & ORDER
June 2, 2026

TALWANI, D.J.

Petitioner Thanh Nam Le, a citizen of Vietnam, entered the United States on or about

October 7, 2019, on a J-1 visa. Pet. ¶ 1 [Doc. No. 1]. His J-1 visa was converted to an F-1 visa on

or about January 3, 2023. Id.

On May 7, 2026, federal immigration officials detained Petitioner in Ebbing, New

Hampshire. Id. ¶¶ 5–6. Petitioner was then moved to, and is currently in custody at, the Plymouth

County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 6.

On May 13, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in

which he seeks "a bond hearing" pursuant to 8 U.S.C. § 1226(a). Id. ¶ 15. As grounds, Petitioner

asserts that his detention violates 8 U.S.C. § 1226(a) and his right to due process under the Fifth

Amendment to the United States Constitution. Id. at 5.

The court directed Respondents to respond to the Petition and that "[i]f the government

contends or has reason to believe that Petitioner may pose a danger to the community if released

from custody, the government shall identify those concerns in its answer or response." Order

Concerning Service of Pet. 2 [Doc. No. 3].

In their Response [Doc. No. 6], Respondents note "the Petitioner is detained under 8 U.S.C § 1226(a)" and therefore "appears to be eligible for a bond hearing." Resp. to Habeas Pet. 1.[1] Respondents maintain that the court may resolve this petition without further briefing or oral argument. Respondents did not identify any concerns that Petitioner may pose a danger to the community if released from custody.

Where both parties agree Petitioner is detained under 8 U.S.C § 1226(a), the Petition [Doc. No. 1] is GRANTED as follows: No later than June 9, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention, specifically identifying the basis for any assertion that Petitioner's release would pose a danger or flight risk. Respondents shall submit a status report on this matter no later than June 16, 2026.

IT IS SO ORDERED.

June 2, 2026                                    /s/ Indira Talwani
                                               United States District Judge

---

[1] In his petition, Petitioner notes that he believes "that the government will claim that he is subject to the Laken Riley Act because, based on information and belief, he was detained and subsequently released by police while shopping at a Walmart about a week prior to his apprehension by immigration officials on May 7, 2026." Pet. ¶ 11 [Doc. No. 1]. Where Respondents do not raise this argument in their response, the court considers it waived.